B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| Southern District of New York | **VOLUNTARY PETITION** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>PHOENIX EQUITIES, INC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>11-0867556 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>226 WEST 135TH STREET<br>NEW YORK, NEW YORK<br>ZIP CODE 10030 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>NEW YORK | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>SAME<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>226 WEST 135TH STREET, NEW YORK, NEW YORK<br>ZIP CODE 10030 | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☑ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.<br>-------------------------------------------<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** PHOENIX EQUITIES, INC. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: SOUTHERN DISTRICT OF NEW YORK | Case Number: 10-12747 | Date Filed: 03/25/2010 |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: Southern District of New York | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)                                                                                    Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** PHOENIX EQUITIES, INC. |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

Date

---

**Signature of Attorney\***

X _____
Signature of Attorney for Debtor(s)
MARIA M. MALAVE

Printed Name of Attorney for Debtor(s)
MARIA M. MALAVE, ESQ.

Firm Name
558 West 184th Street
New York, NY 10033

Address

Telephone Number
08/06/2010

Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
CHICO F. GIBBONS

Printed Name of Authorized Individual
PRESIDENT

Title of Authorized Individual
08/06/2010

Date

---

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X _____

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

Official Form 2
6/90

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation] [*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing [list *or* schedule *or* amendment *or* other document (describe)] and that it is true and correct to the best of my information and belief.

Date ~~August 6, 2010~~

Signature _____

_____ CHICO F. GIBBONS, PRES. _____
(Print Name and Title)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  PHOENIX EQUITIES, INC.              ,
Debtor

Case No. _____

Chapter  11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)  Name of creditor and complete mailing address, including zip code | (2)  Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)  Nature of claim (trade debt, bank loan, government contract, etc.) | (4)  Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)  Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| CON EDISON 4 Irving Plaza New York, NY | 4 IRVING PLAZA NEW YORK, NY 10003 | Utilities, electric bill | | 7,849.00 |
| NYC DEPT OF FINANCE | 50 MAIDEN LANE, 20 FL. NEW YORK, NY 10030 | REAL ESTATE TAXES | | 44,180.00 |

Date:  AUGUST 6, 2010 _____

PHEONIX EQUITIES, INC.
Debtor

*[Declaration as in Form 2]*

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re  PHOENIX EQUITIES, INC.                    ,                    Case No. _____
          Debtor

                                                                  Chapter  11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| WILLIAMS ASSOCIATES New York, NY | 226WEST 135TH STREET NEW YORK,NY 10030 | PRIVATE   LOANI | | 40,000.00 |

Date:  AUGUST 6, 2010

                                        PHEONIX EQUITIES, INC.
                                                    Debtor

*[Declaration as in Form 2]*

## FORM 6.  SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtors(s)

Unsworn Declaration Under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any
amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be
identified with the debtor's name and case number.  If the schedules are filed with the petition,
the case number should be left blank.

Schedules D, E, and F have been designed for the listing of each claim only once.  Even when a
claim is secured only in part or entitled to priority only in part, it still should be listed only once.
A claim which is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not list
the same claim twice.  If a creditor has more than one claim, such as claims arising from separate
transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

# United States Bankruptcy Court

Southern District of New York

In re  PHEONIX EQUITIES, INC _____ ,

            Debtor

Case No. _____

Chapter  11 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 800,000.00 | | |
| B - Personal Property | YES | 3 | $ 0.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 1,300,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $ 91,949.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | $ 0.00 |
| TOTAL | | | $ 800,000.00 | $ 1,391,949.00 | |

# United States Bankruptcy Court

Southern District of New York

In re  PHEONIX EQUITIES, INC            ,
           Debtor

Case No. _____

Chapter  11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $    0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $    0.00 |
| Student Loan Obligations (from Schedule F) | $    0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $    0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    0.00 |
| TOTAL | $    0.00 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

B6A (Official Form 6A) (12/07)

In re PHEONIX EQUITIES, INC. _____,     Case No. _____
             **Debtor**                                                   **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 226 WEST 135TH STREET | FEE OWNER | | 800,000.00 | 1,300,000.00 |
| | | Total► | 800,000.00 | |

(Report also on Summary of Schedules.)

In re  PHEONIX EQUITIES, INC                    ,            Case No. _____
              **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | 0.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | 0.00 |
| 6. Wearing apparel. | X | | | 0.00 |
| 7. Furs and jewelry. | X | | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | 0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | 0.00 |

In re  PHEONIX EQUITIES, INC                          ,           Case No._____
          **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | 0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | 0.00 |
| 16. Accounts receivable. | X | | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | 0.00 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  PHEONIX EQUITIES, INC                    ,            Case No._____
                    **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | 0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | 0.00 |
| 26. Boats, motors, and accessories. | | | | |
| 27. Aircraft and accessories. | X | | | 0.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | 0.00 |
| 30. Inventory. | X | | | 0.00 |
| 31. Animals. | X | | | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | 0.00 |
| 33. Farming equipment and implements. | X | | | 0.00 |
| 34. Farm supplies, chemicals, and feed. | X | | | 0.00 |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | 0.00 |

                                        __3__ continuation sheets attached    Total▶    $              0.00
                                        (Include amounts from any continuation
                                        sheets attached. Report total also on
                                        Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re  PHEONIX EQUITIES, INC.                ,          Case No. _____
                      Debtor                                           (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                              $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| NOT APPLICABLE | | | |

\* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re PHEONIX EQUITIES, INC. _____,  Case No. _____
                    **Debtor**                                    **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.108223/09 <br><br> MENDEL GROUP, INC. <br> c/o Klein & Solomon LLP <br> 275 Madison Avenue <br> New York, NY 10016 | | | First Morgage <br><br><br> VALUE $ 1,300,000.00 | | | | 1,300,000.00 | |
| ACCOUNT NO. <br><br> RBE Northern Funding, Inc. <br> 575 Lexington Avenue <br> New York, NY 10022 | | | Assignee <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br><br> | | | <br><br> VALUE $ | | | | | |

_____ continuation sheets attached

Subtotal ► (Total of this page)   $ 1,300,000.00   $

Total ► (Use only on last page)   $ 1,300,000.00   $

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**In re** PHEONIX EQUITIES, INC.                    ,        **Case No.**_____
                  Debtor                                                          *(if known)*

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ continuation sheets attached

In re  PHEONIX EQUITIES, INC.                    ,        Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4610331035100<br><br>Con Edison<br>4 Irving Plaza<br>New York, NY 10003 | | | Electric Bill | | | | 7,849.00 |
| ACCOUNT NO. 129261655<br><br>NYC Dept. of Finance<br>50 Maiden Lane, 20 Fl.<br>New York, NY 10038 | | | Real Property Taxes | | | | 44,180.00 |
| ACCOUNT NO.<br><br>William Associates<br>226 West 135th Street<br>New York, NY 10030 | | | | | | | 40,000.00 |
| ACCOUNT NO.<br><br><br> | | | | | | | |
| | | | | | Subtotal▶ | | $  91,949.00 |

_____ continuation sheets attached

Total▶   $  91,949.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  PHEONIX EQUITIES                        ,        Case No._____
                **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MULACARE<br>DR. DANIEL ROSBERGER<br>226 WEST 135TH STREET, 1ST FLOOR<br>NEW YORK, NY 10030 | LEASE OF PREMISES FOR FIVE (5) YEARS FROM DEBTOR. NOW HAS APPROXIMATELY TWO (2) LEFT ON LEASE. DEBTOR IS OWNER OF BUILDING. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**In re**  PHEONIX EQUITIES INC.                    ,                     **Case No.** _____

       **Debtor**                                                                **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

IN RE Phoenix Equities, Inc _____ Case No. _____
　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　(If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____　　Signature: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

Date: _____　　Signature: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

_____　　　　_____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer　　Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____　　　　_____
Signature of Bankruptcy Petition Preparer　　　　　　　　　　　　　　　　　　Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the **Phoenix Equities, Inc** (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____13_____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____　　Signature: **/s/ Chico F. Gibbons** _____

　　　　　　　　　　　**Chico F. Gibbons** _____
　　　　　　　　　　　　　　　　　　　　(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: PHEONIX EQUITIES
_____,
Debtor

Case No. _____
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE

**2. Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                                                    SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**None**

☑    c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

**None**

☑    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

**None**

☑    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

**None**

☑    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None ☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

### 16. Spouses and Former Spouses

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18. Nature, location and name of business

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None ☑

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

     NAME             ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None ☑

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

     NAME AND ADDRESS             DATES SERVICES RENDERED

None ☑

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

     NAME             ADDRESS             DATES SERVICES RENDERED

None ☑    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

     **NAME**                                    **ADDRESS**

None ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

     **NAME AND ADDRESS**                               **DATE ISSUED**

---

**20. Inventories**

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                             **DOLLAR AMOUNT**
                                             **OF INVENTORY**

     **DATE OF INVENTORY**       **INVENTORY SUPERVISOR**     (Specify cost, market or other basis)

None ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                             **NAME AND ADDRESSES**
                                             **OF CUSTODIAN**

     **DATE OF INVENTORY**                                   **OF INVENTORY RECORDS**

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

     **NAME AND ADDRESS**          **NATURE OF INTEREST**      **PERCENTAGE OF INTEREST**

None ☑    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                             **NATURE AND PERCENTAGE**

     **NAME AND ADDRESS**             **TITLE**         **OF STOCK OWNERSHIP**

**22 . Former partners, officers, directors and shareholders**

None ☑
   a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

      NAME                 ADDRESS         DATE OF WITHDRAWAL

None ☑
   b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

      NAME AND ADDRESS       TITLE         DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

      NAME & ADDRESS                AMOUNT OF MONEY
      OF RECIPIENT,         DATE AND PURPOSE   OR DESCRIPTION
      RELATIONSHIP TO DEBTOR   OF WITHDRAWAL     AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None ☑
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

      NAME OF PARENT CORPORATION     TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None ☑
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

      NAME OF PENSION FUND     TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | 08/06/2010 | Signature of Debtor | CHICO F. GIBBONS |

| Date | | Signature of Joint Debtor (if any) | |

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| Date | 08/06/2010 | Signature | |

| | | Print Name and Title | CHICO F. GIBBONS, PRESIDENT |

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____         _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____         _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# CORPORATE RESOLUTION

THIS IS TO CERTIFY THAT THE BOARD OF DIRECTORS OF PHOENIX EQUITIES INC., HAVING IT'S ADDRESS AT 226 WEST 135TH STREET, NEW YOR, NEW YORK 10030, [HEREAFTER "COMPANY"] ATTENDED A BOARD OF DIRECTORS MEETING WHICH WAS DULY AND REGULARLY CALLED, NOTICED AND HELD ON MAY 20TH, 2010 AT THE COMPANY'S ABOVE REFERENCED ADDRESS AT WHICH THERE WAS PRESENT A QUORUM THEREOF, WHEREIN THE FOLLOWING RESOLUTIONS WERE UNANIMOUSLY ADOPTED, TO WIT:

RESOLVED: THAT MR. CHICO GIBBONS SHALL BE AND HEREBY IS FULLY AUTHORIZED TO ACT INDIVIDUALLY AS THE PRESIDENT OF THE COMPANY TO EXECUTE ALL NECESSARY DOCUMENTS ON BEHALF OF THE COMPANY IN CONNECTION WITH FILING A VOLUNTARY PETITION OF CHAPTER 11 BANKRUPTCY IN THE UNITED STATES BANKRUPTCY COURT OF THE SOUTHERN DISTRICT OF NEW YORK.

FURTHER RESOLVED: THAT MS. NEIZA DAVIS, SECRETARY OF THE COMPANY, BE AND HEREBY IS AUTHORIZED AND DIRECTED TO CERTIFY THAT THE FOREGOING RESOLUTIONS AND THE PROVISIONS THEREOF ARE IN CONFORMITY WITH THE CHARTER, BYLAWS AND ARTICLES OF INCORPORATION OF THE COMPANY, AND THAT THE FOREGOING RESOLUTION AND THE AUTHORITY THEREBY CONVEYED SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE PURPOSE SET FORTH HEREIN ARE ACCOMPLISHED.

IT IS FURTHER CERTIFIED THAT THE FOREGOING RESOLUTIONS HAVE NEVER BEEN ABOVE NAMED DIRECTOR OF THE COMPANY HAS BEEN DULY ELECTED AND APPOINTED TO HOLD OFFICE AND IS PRESENTLY HOLDING OFFICE AND IS EMPOWERED TO ACT FOR AND ON BEHALF OF THE COMPANY, AND THAT THIS CORPORATE RESOLUTION'S FAX OR PHOTOCOPIES SHALL BE OF EQUAL VALUE TO THEIR ORIGINAL AND SHALL BE ACCEPTED AS SUCH BY EVERYONE, FOR ALL PURPOSES,

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL OF THE COMPANY IN CERTIFICATION OF THE ABOVE RESOLUTIONS & PROVISIONS ON THIS 20th DAY OF MAY, 2010.

BY AND ON BEHALF OF PHOENIX EQUITIES INC.

Dated: May 20th, 2010

Neiza Davis-Secretary

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                             :             

                              :         **Chapter 11 case No:**

**PHOENIX EQUITIES INC.,**           ;

                              :         **10-_____ (___)**

                              ;

         **Debtor**                  ;

                              :

-------------------------------------------------------------x

## AFFIDAVIT OF CHICO F. GIBBONS
## PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY
## RULES FOR THE SOUTHERN DISTRICT OF NEW YOR IN
## <u>SUPPORT OF FIRST-DAY MOTIONS AND APPLICATIONS</u>

STATE OF NEW YORK            )

                              )     ss:

COUNTY OF NEW YORK          )

Chico F. Gibbons, been duly sworn, hereby deposes and says:

1. That I am President of Phoenix Equities Inc. (the <u>Debtor,)</u>, the debtor and debtor in possession in this Chapter 11 case. In that capacity, I am familiar with the Company's day –to-day operations, businesses, and financial affairs.

2. This affidavit is made pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>") to assist the Court and othger parties in interest in understanding the circumstances that compelled the commencement of this chapter 11 case and in support of (i) the Debtor's petition for relief of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") filed on the date hereof (the "<u>Commencement Date</u>") and (ii) the relief, in the form of motions and applications, that the Debtor has requested of the Court.

3. Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge of the Debtor's operations and financial affairs. I am authorized to submit this affidavit on behalf of the Debtor.

4. Section I of this affidavit provides an overview of Phoenix Equities Inc. business. Section II describes the circumstances giving rise to the Debtor's

commencement of this chapter 11 case. Section III describes certain information required by Local bankruptcy Rule 1007-2, and also explains how exigent circumstances made it impractical to furnish all of the schedules and lists required by that rule.

## I.

## Phoenix Equities Inc. Business

5. Phoenix Equities Inc., is a closely-held corporation whose primary asset is a commercial building located at 226 West 135th Street, New York, NY, Its income is derived primarily from the commercial rents for each of the four floors of the subject building, and is used to pay the monthly obligations of the Debtor. The income of the property from its commercial tenants had been consistent until approximately in July, 2009. Thereafter, there were several instances wherein the tenants either vacated temporarily, or were unable to meet their financial obligations.

## II.

## Events Leading to the Chapter 11 Case.

6. For over ten years, the Debtor had experienced prosperous times with its rent collections, and had lasting relationships with its tenants. However, the economic climate began to change in July, 2009. The income of the property from its commercial tenants had been consistent until approximately in July, 2009. Thereafter, there were several instances wherein the tenants either vacated temporarily, or were unable to meet their financial obligations. As a result, the Debtor was unable to pay its creditors and its mortgage. Despite numerous attempts at resolving these issues with the tenants, it has been unsuccessful.

7. Thereafter, a foreclosure proceeding has been commenced against the Debtor in the Supreme Court of the State of New York, County of New York. Since the filing of the foreclosure, I have contacted numerous Real Estate Professionals to assist in providing viable commercial tenants for the subject premises, and we have located a few qualified ones that are willing to enter into a lease and take possession. Presently, a receiver has been appointed to collect the existing rents.

8. The Debtor filed this chapter 11 case so that it could preserve its asset and maximize value for the benefit of all stakeholders. The Debtor is continuing to explore a

number of strategic alternatives, however, the outstanding mortgage sum and creditors, in their present state, poses a threat to a reasonable resolution

## III.

### Information Required by Local Bankruptcy Rule 1007-2.

9. In accordance with Local Bankruptcy Rule 1007-2(a)(3), and to the best of my knowledge, information, and belief, no creditors' committees were organized prior to the Commencement Date.

10. Due to the relatively short time that the Debtor had to prepare to file its chapter 11 case, the Debtor is seeking to gather all necessary documentation in furtherance of this filing as provided in Local bankruptcy Rule 1007-2. It is submitted that the preparation of such lists requires weeks, not days. .

11. The foregoing is true and correct to the best of my knowledge, information and belief.

_____
Chico F. Gibbons

Sworn to and subscribed before me, a notary public for the State of New York, County of New York, this 6th day of Aug 2010.

_____
Notary Public

DAPHNE MCKENZIE
NOTARY PUBLIC STATE OF NEW YORK
No. 02MC4849583
Qualified in Bronx County
Commission Expires June 30, 20__11

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE:                                                                            BK NO.

**PHOENIX EQUITIES INC.**

        Debtor,

                                                                                    AP NO.

**CORPORATE OWNERSHIP STATEMENT [RULES 1007(a)(1) & 7007.1]**

Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(1) & 7007.1, the
undersigned corporation Phoenix Equities Inc. (name of corporation) certifies that:

1. _____ the following is a complete and accurate list of corporation(s) that directly
or indirectly own(s) 10% or more of any class of its equity interests:

**OR**

2. __x____ there are no entities to report under FRBP 1007(a)(1) or 7007.1

    The undersigned corporation further acknowledges its duty to file a supplemental
statement promptly upon any change in circumstances that renders this Corporate
Ownership Statement inaccurate.

_August 6, 2010_
Date

_PHOENIX EQUITIES INC_
Name of Corporation

By: _Chico F. Gibbons_

Its: _President_

**PHOENIX EQUITIES INC.**
**STATEMENTS OF OPERATIONS**

| | Year Ended December 31, | |
| --- | --- | --- |
| | **2008** | **2009** |
| **Operating revenue** | 120,000 | 75,000 |
| **Operating expenses:** | | |
| Con Edison | 4,890 | 5,428 |
| Building Maintenance | 2,400 | 2,400 |
| Supplies | 1,520 | 1,810 |
| Heating/Boiler Maintenance | 1,390 | 1,390 |
| Monthly Mortgage | 110,400 | 110,400 |
| Other | 900 | 960 |
| **Total Operating Expenses** | 121,500 | 122,388 |
| **Income from operations** | | |
| **NET INCOME** | (-1,500) | (-47,388) |

# PHOENIX EQUITIES INC.
# STATEMENTS OF CASH FLOWS

## Cash Flow from Operating Activities

|  | 2008 | 2009 |
|---|---|---|
| **Source of Funds** | | |
| **Net Income from Tenants** | 120,000 | 75,000 |
| **Use Of Funds** | | |
| Con Edison | 4,890 | 5,428 |
| Building Maintenance | 2,400 | 2,400 |
| Supplies | 1,520 | 1,810 |
| Heating/Boiler Maintenance | 1,390 | 1,390 |
| Monthly Mortgage | 110,400 | 110,400 |
| Other | 900 | 960 |
| | 121,500 | 122,388 |
| **NET CASH FLOW** | (-1,500) | (-47,388) |

**PHOENIX EQUITIES INC.**

**CURRENT ASSETS**

BALANCE SHEET
Date: 12/31/09

| | 2008 | 2009 |
|---|---|---|
| Cash | 3,500 | 0 |
| Accounts Receivable | 0 | 35,000 |
| Inventory | 2,700 | 1,650 |
| **Total Current Assets** | $ 6,200 | $36,650 |

**LIABILITIES**

**CURRENT LIABILITIES**

| | 2008 | 2009 |
|---|---|---|
| Accounts Payable | 12, 255 | 21,100 |
| Short-Term Loan | 0 | 40,000 |
| Income Taxes Payable | 11,500 | 8,500 |
| | $ 23,755 | 69,600 |

**LONG-TERM LIABILITIES**

| | 2008 | 2009 |
|---|---|---|
| Long-Term Debt | $ 1,300,000 | 1,300,000 |
| **TOTAL LIABILITIES** | $ 1,323,755 | 1,369,600 |

# Form 1120

**U.S. Corporation Income Tax Return**

Department of the Treasury
Internal Revenue Service

For calendar year 2009 or tax year beginning _____, 2009, ending _____, 20 _____

► See separate instructions.

OMB No. 1545-0123

**2009**

**A Check if:**
- 1a Consolidated return (attach Form 851) ☐
- b Life/nonlife consolidated return ☐
- 2 Personal holding co. (attach Sch. PH) ☐
- 3 Personal service corp. (see instructions) ☐
- 4 Schedule M-3 attached ☐

Use IRS label. Otherwise, print or type.

**Name**
PHOENIX EQUITIES INC

**Number, street, and room or suite no. If a P.O. box, see instructions.**
226 WEST 135 ST

**City or town, state, and ZIP code**
New York, NY 10030

**B Employer identification number**
11-0867556

**C Date incorporated**
1-3-01

**D Total assets (see instructions)**
$

**E Check if:** (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change

| | | | | |
|---|---|---|---|---|
| **Income** | 1a Gross receipts or sales | | b Less returns and allowances | | c Bal ► | **1c** | |
| | 2 Cost of goods sold (Schedule A, line 8) | | **2** | |
| | 3 Gross profit. Subtract line 2 from line 1c | | **3** | |
| | 4 Dividends (Schedule C, line 19) | | **4** | |
| | 5 Interest | | **5** | |
| | 6 Gross rents | | **6** | 75,000 |
| | 7 Gross royalties | | **7** | |
| | 8 Capital gain net income (attach Schedule D (Form 1120)) | | **8** | |
| | 9 Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | **9** | |
| | 10 Other income (see instructions—attach schedule) | | **10** | |
| | 11 **Total income.** Add lines 3 through 10 ► | | **11** | 75,000 |
| **Deductions (See instructions for limitations on deductions.)** | 12 Compensation of officers (Schedule E, line 4) ► | | **12** | 0 |
| | 13 Salaries and wages (less employment credits) | | **13** | |
| | 14 Repairs and maintenance | | **14** | 2,790 |
| | 15 Bad debts | | **15** | |
| | 16 Rents | | **16** | |
| | 17 Taxes and licenses | | **17** | |
| | 18 Interest | | **18** | |
| | 19 Charitable contributions | | **19** | |
| | 20 Depreciation from Form 4562 not claimed on Schedule A or elsewhere on return (attach Form 4562) | | **20** | |
| | 21 Depletion | | **21** | |
| | 22 Advertising | | **22** | |
| | 23 Pension, profit-sharing, etc., plans | | **23** | |
| | 24 Employee benefit programs | | **24** | |
| | 25 Domestic production activities deduction (attach Form 8903) | | **25** | |
| | 26 Other deductions (attach schedule) | | **26** | |
| | 27 **Total deductions.** Add lines 12 through 26 ► | | **27** | 2,790 |
| | 28 Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | **28** | 72,210 |
| | 29 **Less:** a Net operating loss deduction (see instructions) | 29a | | | |
| | b Special deductions (Schedule C, line 20) | 29b | | | |
| | | | **29c** | |
| **Tax, Refundable Credits, and Payments** | 30 **Taxable income.** Subtract line 29c from line 28 | | **30** | 72,210 |
| | 31 **Total tax** (Schedule J, line 10) | | **31** | 10,880 |
| | 32a 2008 overpayment credited to 2009 | 32a | | | |
| | b 2009 estimated tax payments | 32b | | | |
| | c 2009 refund applied for on Form 4466 | 32c | | d Bal ► | 32d | |
| | e Tax deposited with Form 7004 | | 32e | |
| | f Credits: (1) Form 2439 | (2) Form 4136 | | 32f | |
| | g Refundable credits from Form 3800, line 19c, and Form 8827, line 8c | | 32h | |
| | 33 Estimated tax penalty (see instructions). Check if Form 2220 is attached ► ☐ | | **33** | |
| | 34 **Amount owed.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | | **34** | |
| | 35 **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | **35** | |
| | 36 Enter amount from line 35 you want: **Credited to 2010 estimated tax** ► | **Refunded** ► | | **36** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer: _[signature]_   Date: 4-10-10   Title: President

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

**Paid Preparer's Use Only**

| Preparer's signature | Ken Welin | Date 4-10-10 | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code | 1318 Boston Rd Bronx NY 10451 | | EIN 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 | Phone no. (718) 299-8310 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11450Q   Form **1120** (2009)

## Schedule A    Cost of Goods Sold (see instructions)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | **1** | |
| 2 | Purchases | **2** | 1,810 |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | |
| 6 | **Total.** Add lines 1 through 5 | **6** | 1,810 |
| 7 | Inventory at end of year | **7** | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | **8** | |

9a  Check all methods used for valuing closing inventory:
   (i) ☑ Cost
   (ii) ☐ Lower of cost or market
   (iii) ☐ Other (Specify method used and attach explanation.) ▶

b  Check if there was a writedown of subnormal goods . . . . . . . . . . . . . . . ▶ ☐

c  Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . ▶ ☐

d  If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO . . . . . . . . . . . . . . . . | **9d** | |

e  If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? . . . ☐ Yes  ☑ No

f  Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☑ No

## Schedule C    Dividends and Special Deductions (see instructions)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | 80 | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from affiliated group members | | 100 | |
| 12 | Dividends from certain FSCs | | 100 | |
| 13 | Dividends from foreign corporations not included on lines 3, 6, 7, 8, 11, or 12 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 . . . ▶ | | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b . . . ▶ | | | |

## Schedule E    Compensation of Officers (see instructions for page 1, line 12)

**Note:** Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1) are $500,000 or more.

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| 1 | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |

| | | |
|---|---|---|
| 2 | Total compensation of officers | |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | |
| 4 | Subtract line 3 from line 2. Enter the result here and on page 1, line 12 | |

## Schedule J   Tax Computation   (see instructions)

| | | | |
|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120))  .  .  .  .  ▶ ☐ | | |
| 2 | Income tax. Check if a qualified personal service corporation (see instructions)  .  .  .  .  .  .  .  ▶ ☐ | 2 | |
| 3 | Alternative minimum tax (attach Form 4626)  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 3 | |
| 4 | Add lines 2 and 3  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 4 | |
| 5a | Foreign tax credit (attach Form 1118)  .  .  .  .  .  .  .  . | 5a | |
| b | Credit from Form 8834, line 29  .  .  .  .  .  .  .  .  .  . | 5b | |
| c | General business credit (attach Form 3800)  .  .  .  .  .  . | 5c | |
| d | Credit for prior year minimum tax (attach Form 8827)  .  .  . | 5d | |
| e | Bond credits from Form 8912  .  .  .  .  .  .  .  .  .  . | 5e | |
| 6 | **Total credits.** Add lines 5a through 5e  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 6 | |
| 7 | Subtract line 6 from line 4  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 7 | |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)  .  .  .  .  .  .  .  .  .  . | 8 | |
| 9 | Other taxes. Check if from:  ☐ Form 4255   ☐ Form 8611   ☐ Form 8697 | | |
| | ☐ Form 8866   ☐ Form 8902   ☐ Other (attach schedule)  .  .  .  . | 9 | |
| 10 | **Total tax.** Add lines 7 through 9. Enter here and on page 1, line 31  .  .  . | 10 | 16,980 |

## Schedule K   Other Information   (see instructions)

| | | Yes | No |
|---|---|---|---|
| 1 | Check accounting method: **a** ☐ Cash   **b** ☐ Accrual   **c** ☐ Other (specify) ▶ _____ | | |
| 2 | See the instructions and enter the: | | |
| a | Business activity code no. ▶ _____ | | |
| b | Business activity ▶ _____ | | |
| c | Product or service ▶ _____ | | |
| 3 | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group?  .  .  .  .  .  .  .  . | | ✕ |
| | If "Yes," enter name and EIN of the parent corporation ▶ _____ | | |
| | _____ | | |
| 4 | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G)  . | | ✕ |
| b | Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G)  . | Yes | No |
| 5 | At the end of the tax year, did the corporation: | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851,** Affiliations Schedule? For rules of constructive ownership, see instructions | | ✕ |
| | If "Yes," complete (i) through (iv). | | |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Schedule K | *Continued* |
|---|---|

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions If "Yes," complete (i) through (iv).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**6** During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) . . . . . . . ☒

If "Yes," file **Form 5452**, Corporate Report of Nondividend Distributions.

If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

**7** At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of the corporation's stock entitled to vote or **(b)** the total value of all classes of the corporation's stock? . . . . ☒

For rules of attribution, see section 318. If "Yes," enter:

**(i)** Percentage owned ▶ _____ and **(ii)** Owner's country ▶ _____

**(c)** The corporation may have to file **Form 5472**, Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ _____

**8** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . ▶ ☐

If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

**9** Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ _____

**10** Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ _____

**11** If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here . . . . . ▶ ☐

If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid.

**12** Enter the available NOL carryover from prior tax years (do not reduce it by any deduction on line 29a.) ▶ $ _____

**13** Are the corporation's total receipts (line 1a plus lines 4 through 10 on page 1) for the tax year **and** its total assets at the end of the tax year less than $250,000? . . . . . . . . . . . . . ☒

If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 5. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year. ▶ $ _____

## Schedule L — Balance Sheets per Books

| Assets | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|
| | (a) | (b) | (c) | (d) |
| 1 Cash | | | | |
| 2a Trade notes and accounts receivable | | | | |
| b Less allowance for bad debts | ( ) | | ( ) | |
| 3 Inventories | | | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities (see instructions) | | | | |
| 6 Other current assets (attach schedule) | | | | |
| 7 Loans to shareholders | | | | |
| 8 Mortgage and real estate loans | | | | |
| 9 Other investments (attach schedule) | | | | |
| 10a Buildings and other depreciable assets | | | | |
| b Less accumulated depreciation | ( ) | | ( ) | |
| 11a Depletable assets | | | | |
| b Less accumulated depletion | ( ) | | ( ) | |
| 12 Land (net of any amortization) | | | | |
| 13a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | ( ) | | ( ) | |
| 14 Other assets (attach schedule) | | | | |
| 15 Total assets | | | | |
| **Liabilities and Shareholders' Equity** | | | | |
| 16 Accounts payable | | | | |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 Other current liabilities (attach schedule) | | | | |
| 19 Loans from shareholders | | | | |
| 20 Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 Other liabilities (attach schedule) | | | | |
| 22 Capital stock: a Preferred stock | | | | |
| b Common stock | | | | |
| 23 Additional paid-in capital | | | | |
| 24 Retained earnings—Appropriated (attach schedule) | | | | |
| 25 Retained earnings—Unappropriated | | | | |
| 26 Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 Less cost of treasury stock | | ( ) | | ( ) |
| 28 Total liabilities and shareholders' equity | | | | |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income per Return

**Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more—see instructions

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books | | 7 | Income recorded on books this year not included on this return (itemize): | |
| 2 | Federal income tax per books | | | Tax-exempt interest  $_____ | |
| 3 | Excess of capital losses over capital gains | | | _____ | |
| 4 | Income subject to tax not recorded on books this year (itemize):_____ | | | _____ | |
| | | | 8 | Deductions on this return not charged against book income this year (itemize): | |
| 5 | Expenses recorded on books this year not deducted on this return (itemize): | | a | Depreciation  $_____ | |
| a | Depreciation  $_____ | | b | Charitable contributions  $_____ | |
| b | Charitable contributions  $_____ | | | _____ | |
| c | Travel and entertainment  $_____ | | 9 | Add lines 7 and 8 | |
| | _____ | | 10 | Income (page 1, line 28)—line 6 less line 9 | |
| 6 | Add lines 1 through 5 | | | | |

## Schedule M-2 — Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year | | 5 | Distributions: a Cash | |
| 2 | Net income (loss) per books | | | b Stock | |
| 3 | Other increases (itemize):_____ | | | c Property | |
| | _____ | | 6 | Other decreases (itemize): | |
| | _____ | | 7 | Add lines 5 and 6 | |
| 4 | Add lines 1, 2, and 3 | | 8 | Balance at end of year (line 4 less line 7) | |

```
========================================
            MORNINGSIDE STA.
          NEW YORK, New York
              100269998
            3558250050-0098
05/26/2010 (212)864-3158 05:05:58 PM
========================================
========= Sales Receipt =========
Product        Sale  Unit    Final
Description     Qty  Price    Price
================================

NEW YORK NY 10007              $4.90
Zone-1 Priority Mail
5.90 oz.
Expected Delivery: Fri 05/28/10
Delivery Confirmation          $0.70
Label #:      03093220000066917145
                             ========
Issue PVI:                     $5.60

NEW YORK NY 10007              $4.90
Zone-1 Priority Mail
6.70 oz.
Expected Delivery: Fri 05/28/10
Delivery Confirmation          $0.70
Label #:      03093220000066920046
                             ========
Issue PVI:                     $5.60

                             ========
Total:                        $11.20

Paid by:
Debit Card                    $11.20
   Account #:     XXXXXXXXXXXX1604
   Approval #:    000762
   Transaction #: 519
   23903280485
   Receipt#:      001755
```

U.S. Postal Service™ Delivery Confirmation™ Receipt

PS Form 152, May 2002 (See Reverse)

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

SEC MORNINGSIDE REGISTRAT
233 BROADWAY
# Wn: JOHN McManaman
NEW YORK NEW YORK 10007

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access Internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail® Service
☐ First-Class Mail® parcel
☐ Package Services parcel

Postmark
Here

DELIVERY CONFIRMATION NUMBER

0309 3220 0000 6692 0046

U.S. Postal Service™ Delivery Confirmation™ Receipt

PS Form 152, May 2002 (See Reverse)

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

STI
Attn: INSOLVENCY
272 BROADWAY
NEW YORK 10007

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access Internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail® Service
☐ First-Class Mail® parcel
☐ Package Services parcel

Postmark
Here

DELIVERY CONFIRMATION NUMBER

0309 3220 0000 6691 7145

5-25-7010   4:35 pm

Con Edison
Cooper Station
POB 138
New York, NY    10276


Mendel Group, Inc
c/o Klein & Solomon LLP
275 Madison Ave
New York, NY    10016


NYC Department Of Finance
59 Maiden Lane, 20th Floor
New York, NY    10038


RBE Nothern Funding, Inc.
575 Lexington Ave.
New York, NY    10022


William Associates
226 West 135th Street
New York, NY    10030